## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **IMELDA GARCIA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 7:17-cv-00014-RAJ** |
| | § | |
| | § | |
| **v.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **J.B. HUNT TRANSPORT, INC.,** | § | |
| **FAMILY DOLLAR STORES OF TEXAS,** | § | |
| **LLC** | § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC 'S
## FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

FAMILY DOLLAR STORES OF TEXAS, LLC, one of the Defendants herein ("Defendant") hereby files its First Amended Answer to the Plaintiff's Original Petition ("Petition") in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and states the following:

## I.

1.      Defendant denies the allegation made in the first paragraph of the Petition.

---

## II.

2.      Defendant is without knowledge and sufficient information to admit or deny the allegation contained in second paragraph of the Petition that Plaintiff Imelda Garcia is a resident  of Ector County, Texas.

3.      Defendant is without knowledge and sufficient information to admit or deny the allegations contained in the third paragraph of the Petition regarding Defendant J.B. Hunt.

4.      Defendant is without knowledge and sufficient information to admit or deny the allegation contained in the fourth paragraph of the Petition regarding Defendant J.B. Hunt.

5.      Defendant denies the allegation made in the fifth paragraph of the Petition that it is a Texas Corporation and further denies that is the proper party to this lawsuit. Defendant admits that Family Dollar Stores of Texas, LLC's (incorrectly named and an improper party) registered agent is CT Corporation in Dallas, Texas.

6.      Defendant denies the allegation in the sixth paragraph of the Petition that Rule 28 of the Texas Rules of Civil Procedure is applicable to this lawsuit. Defendant further denies that it is the proper party to this lawsuit.

## III.

7.      Defendant denies each and every allegation made in the seventh paragraph of the Petition.

**IV.**

8.      Defendant denies the allegations made in the eighth paragraph of the Petition.  Further, to the extent the allegations in the eighth paragraph involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the eighth paragraph of the Petition that any claimed legal duty was violated or that any action or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit.

**V.**

9.      Defendant denies the allegations made in the ninth paragraph and subparts (1) thru (14) of the Petition.  Further, to the extent the allegations in the ninth paragraph and subparts (1) thru (14) involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the ninth paragraph and subparts (1) thru (14)  of the Petition that any claimed legal duty was violated or that any action or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit.

10.      Defendant denies the allegations made in the tenth paragraph of the Petition.  Further, to the extent the allegations in the tenth paragraph involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the tenth paragraph of the Petition that any claimed legal duty was violated or that any action

or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit.

## VI.

11.     Defendant is without knowledge and sufficient information to admit or deny the allegations made in the eleventh paragraph of the Petition regarding Defendant J.B. Hunt.

## VII.

12.     Defendant denies each and every allegation contained in the twelfth paragraph of the Petition. Further, to the extent the allegations in the twelfth paragraph involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the twelfth paragraph of the Petition that any claimed legal duty was violated or that any action or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit.

## VIII.

13.     Defendant is without knowledge and sufficient information to admit or deny the allegations made in thirteenth paragraph and subparts (1) thru (14) of the Petition regarding Defendant J.B. Hunt's arbitration agreement.

## IX.

14.     Defendant denies the allegations made in the fourteenth paragraph of the Petition that Plaintiff is entitled to recover the damages she describes in the fourteenth paragraph.

15.    Defendant denies each and every allegation contained in the fifteenth paragraph of the Petition. Further, to the extent the allegations in the fifteenth paragraph involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the fifteenth paragraph of the Petition that any claimed legal duty was violated or that any action or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit.

16.    Defendant denies the allegations made in the sixteenth paragraph of the Petition. Defendant further denies that the Plaintiff is entitled to recover the categories of damages she seeks in the sixteenth paragraph of the Petition.

17.    Defendant denies the allegation made in the seventeenth paragraph of the Petition. Defendant admits that Plaintiff's alleged damages are within the jurisdictional limits of this Court.

## X.

18.    Defendant specifically denies the allegations contained in the eighteenth paragraph of the Petition that Plaintiff is entitled to recover punitive damages. Additionally, Defendant denies that is engaged in any conduct that would rise to the level of gross negligence as alleged in the eighteenth paragraph of the Petition as that term is defined under Texas law. Furthermore, to the extent the allegations in the eighteenth paragraph involve actions and/or inactions by Defendant or its employees related to any legal duty or causation, Defendant specifically denies each and every allegation contained in the eighteenth paragraph

Garcia, Imelda    /Defendant Family Dollar Stores of Texas, LLC 's First Amended Answer
to Plaintiff's Original Petition                                    Page | 5
Doc #6835399/ 58000.00450

of the Petition that any claimed legal duty was violated or that any action or inaction on Defendant's part was a direct or proximate cause of the incident that forms the basis of this lawsuit. Lastly, to the extent the allegations made in the eighteenth paragraph of the Petition contain propositions of law, no responsive pleading is required.

19.    Defendant denies each and every allegation made in the nineteenth paragraph of the Petition. Defendant further denies that the Plaintiff is entitled to recover the categories of damages she seeks in the nineteenth paragraph of the Petition. Furthermore, Defendant denies that Rule 47 of the Texas Rules of Civil Procedure applies to this lawsuit and specifically denies that the Plaintiff is entitled to recover $1,000,000 in damages. Lastly, to the extent the nineteenth paragraph of the Petition contains propositions of law, no responsive pleading is required.

## XI.

20.    The twentieth paragraph of the Petition is a jury demand, to which no responsive pleading is required.

21.    Defendant denies the allegations in twenty-first paragraph of the Petition and further denies that the Plaintiff is entitled to recover the categories of damages and other relief Plaintiff contends she is entitled to in the twenty-first paragraph.

## I.
## INFERENTIAL REBUTTAL INSTRUCTIONS

1.    Defendant asserts the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

a. ***New and Independent Cause / Superseding Intervening Cause***.  The alleged damages in question as set forth in the Petition were caused by the conduct of Plaintiff Imelda Garcia and that said conduct destroyed any causal connection between the alleged acts or omissions of Defendant and the injuries complained of, thus becoming an independent, superseding, or intervening cause of the Plaintiff's alleged damages.

b. ***Sole Proximate Cause***. The act(s) or omission(s) of Plaintiff, Imelda Garcia was the sole cause of the damages alleged in the Petition and thus, Defendant is not liable to the Plaintiff.

## II.
## AFFIRMATIVE DEFENSES

2.    Pleading further, alternatively, and by way of affirmative defense, Defendant states that in the unlikely event that an adverse judgment is rendered against it, Defendant would respectfully request all available credits and/or offsets as provided by the TEXAS CIVIL PRACTICE AND REMEDIES CODE and under Texas law.

3.    Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

4.    Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

5.     Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims, if any, for exemplary, punitive or other damages are barred, limited, restricted, and/or governed by the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE and any other applicable statute concerning the recovery of damages and the common law of Texas. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 41 and other applicable law.

6.     Pleading further, alternatively, and by way of affirmative defense, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above. Defendant further pleads that Plaintiff's claims for punitive or exemplary damages should be stricken in the absence of Plaintiff making some prima facie showing supporting such claims.

7.     Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed in this lawsuit.

8.     Pleading further, alternatively, and by way of affirmative defense, Defendant hereby affirmatively pleads that Plaintiff Imelda Garcia engaged in acts and/omissions which caused her alleged damages. Therefore, Plaintiff is barred, in whole or in part, from recovering any damages from Defendant.

9.     Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Defendant further asserts that Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of the Defendant.

10.    Pursuant to §18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, to the extent that Plaintiff seeks recovery for loss of earnings and/or future loss of earning capacity, then Defendant would show that Plaintiff must present evidence to prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

11.    The incident out of which this lawsuit grew and the consequent damages, if any, to Plaintiff were not caused by any act of negligence, ill-will, improper motive or deliberate indifference either of omission or of commission, on the part of this Defendant, but were, to the contrary, directly and proximately caused by the negligence and intentional acts and/or omissions by third parties over whom this Defendant had no right to control.

12.    Defendant denies that its actions were committed with malice, or reckless or callous indifference to the Plaintiff's constitutional rights, and therefore denies that Plaintiff is entitled to recover punitive damages.

Respectfully submitted,

**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax 214.379.6939

By:   _s/Zach T. Mayer_
        Zach T. Mayer
        State Bar No. 24013118
        E-Mail: zmayer@mayerllp.com
        Robin R. Gant
        State Bar No. 24069754
        E-Mail: rgant@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**
(incorrectly named and an improper party to this lawsuit)

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of February 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

|  |  |
|---|---|
| OSCAR MENDEZ<br>SCHERR & LEGATE, PLLC<br>109 N. OREGON, 12TH FLOOR<br>EL PASO, TEXAS 79901<br><br>***Counsel for Plaintiff<br>Imelda Garcia*** | ☐ E-MAIL (OMENDEZ@SCHERRLEGATE.COM)<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST CLASS MAIL<br>☒ CM/ECF<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |
| MICHAEL C. WRIGHT<br>RUSSELL & WRIGHT, PLLC<br>15770 DALLAS PARKWAY, SUITE 1050<br>DALLAS, TEXAS 75248<br><br>***COUNSEL FOR DEFENDANT<br>J.B. HUNT TRANSPORT, INC.*** | ☐ E-MAIL (MWRIGHT@RWTRIAL.COM)<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST CLASS MAIL<br>☒ CM/ECF<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*s/ Robin R. Gant*
_____
Robin R. Gant